**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MONEL S. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-00005 CDP |
| | ) | |
| JEREMY D. POWERS,[1] et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Monel Brown's Motion to Proceed in Forma Pauperis in this action. [ECF No. 2]. After reviewing the financial information contained in the Motion, the Court will grant Plaintiff's Motion and waive the filing fee. Additionally, after reviewing the Complaint in this matter, the Court will require Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Background and Complaint

This action arises from a motor vehicle accident that occurred in Curryville, Missouri, on June 18, 2021. [ECF No. 1 at 2]. Plaintiff Monel Brown claims that his vehicle and a commercial tractor-trailer being driven by Defendant Jeremy Powers collided on US-54, a two-lane road in Pike County, Missouri. *Id.* Plaintiff alleges that Defendant Powers, whom he alleges was driving without a valid driver's license, was employed by Golden Eagle Distributing at the time of the accident and that the vehicle driven by Defendant Powers contained Anheuser-Busch products. *Id.* Plaintiff alleges that he suffered physical injuries because of the accident.

---

[1] Plaintiff refers to Defendant Jeremy Powers as both "Powers" and "Power" throughout his Complaint. For consistency, the Court will refer to Defendant as "Powers" until such time as Plaintiff or Defendant Powers notifies the Court otherwise.

This is the fourth time Plaintiff has attempted to file an action against Defendants. *See Brown v. Powers*, No. 21PI-CC00039 (45th Jud. Cir., 2021) (*Brown I*) (case dismissed on April 15, 2024, without prejudice, on Plaintiff's request for voluntary dismissal); *Brown v. Powers, et al.,* No. 2:24-cv-00004 HEA (E.D.Mo.) (*Brown II*) (case dismissed on October 2, 2024, for lack of jurisdiction); *Brown v. Powers, et al.,* No. 25PI-AC00250-01 (45th Jud. Cir., 2025) (*Brown III*) (case dismissed, without prejudice, on September 19, 2025, after a hearing on Defendants' Motions to Dismiss).

Plaintiff sues not only Defendant Powers, but also Golden Eagle Distributing, LLC,[2] Richard Riesenbeck,[3] Anheuser-Busch Companies, LLC, Brendan Whitworth,[4] Anheuser-Busch In-Bev, Michael Doukeris,[5] The Chapel Law Group, LLC, Nimrod Chapel, Bruce Hopson, John Cooney and Watters, Wolf, Bub & Hansmann, LLC.[6]

Due to his injuries and what Plaintiff perceived as negligence on behalf of Defendant Powers, on October 20, 2021, Plaintiff brought a lawsuit in Pike County Circuit Court against Defendant Powers. *See Brown v. Powers*, No. 21PI-CC00039 (45th Jud. Cir., 2021) (*Brown I*). He was represented in *Brown I* by Nimrod Chapel and Bruce Hopson of The Chapel Law Group, LLC. [ECF No. 1 at 11-12]. Plaintiff asserts that although he received offers of settlement from

---

[2] Plaintiff identifies this Defendant as Golden Eagle Distributing Co. in his Complaint. Defendant Golden Eagle Distributing noted in its Motion to Dismiss filed in *Brown III* that its proper name is Golden Eagle Distributing, LLC. *See Brown v. Powers, et al.,* No. 25PI-AC00250-01 (45th Jud. Cir., 2021).

[3] Plaintiff states that Defendant Riesenbeck is the "President/CEO of Defendant Golden Eagle Distributing Company." [ECF No. 1 at 5].

[4] Plaintiff states that Defendant Brendan Whitworth is the "President/CEO" of Anheuser-Busch Companies, LLC. [ECF No. 6].

[5] Plaintiff states that Defendant Michael Doukeris is the "President/CEO" of Anheuser-Busch In-Bev. [ECF No. 7].

[6] Plaintiff states that although he "pondered on adding Judge James David Beck and Dr. Brandi Jefferies to this claim; Due to lack of legal education Plaintiff BROWN did not add Judge James Beck nor Dr. Brandi Jefferies to this claim. . .[because] he has no knowledge of the 'proper' code violations nor codes for relief necessary to bring forward listed parties." [ECF No. 1 at 21].

Defendant Powers and Golden Eagle Distributing, who were represented by John Cooney of Watters, Wolf, Bub & Hansmann, LLC, in the lawsuit, he refused to settle because "in the improper court" because any agreement with Plaintiff's signature "would have been illegal." *Id.* at 11. When Plaintiff refused to settle, The Chapel Law Group, LLC, withdrew from representation of Plaintiff on or about June 15, 2023. On December 11, 2023, Plaintiff filed a pro se motion to "transfer venue" of the Pike County case to federal court. The Court interpreted Plaintiff's request as one for voluntary dismissal. Plaintiff's pro se request for voluntarily dismissal was granted on April 15, 2024. *See Brown v. Powers*, No. 21PI-CC00039 (45th Jud. Cir., 2021).

Plaintiff alleges that during the course of representing him in *Brown I*, Nimrod Chapel and Bruce Hopson engaged in the unauthorized practice of law, fraud on the court, false impersonation, broke several Legal Model Rules of Professional Competence and engaged in unprofessional conduct. [ECF No. 1 at 13-14]. He states that John Cooney of Watters, Wolf, Bub & Hansmann, LLC, violated "11(b) of the Federal Rules of Civil Procedure by presenting" a "false" document to the Circuit Court showing that Defendant Powers had a valid driver's license at the time of the accident. [ECF No. 14]. Plaintiff also complains that Defendant Cooney violated Federal Rule of Civil Procedure 37(c)(2) and 60(b)(3) "by attempting to persuade" Plaintiff that Powers was legally able to operate the tractor-trailer on the date of the accident. *Id.*

Plaintiff filed *Brown II*, on January 2, 2024, as a pro se litigant. [ECF No. 1 at 15]; *see Brown v. Powers*, *et al.*, No. 2:24-cv-00004 HEA (E.D.Mo.). Plaintiff sued Golden Eagle Distributing Company, Jeremy Powers, Richard Riesenbeck, Anheuser-Busch, Co., Brendan Whitworth, Anheuser-Busch In-Bev and Micheal Doukeris. He brought claims against Defendants for negligence per se under Missouri law and under several provisions of the Federal Motor Carrier Safety Regulations and the Code of Federal Regulations. He also alleged claims under the Eighth

3

and Fourteenth Amendments of the United States Constitution. Plaintiff sought 400 million in damages. Upon review of Plaintiff's initial Complaint on May 1, 2024, the Court determined that Plaintiff's jurisdictional allegations were insufficient to establish subject-matter jurisdiction. Consequently, the Court ordered Plaintiff to file an Amended Complaint that properly alleged a basis for subject-matter jurisdiction. Plaintiff filed a First Amended Complaint on May 9, 2024, and he filed a Second Amended Complaint on July 11, 2024. On October 2, 2024, the Court dismissed Plaintiff's action due to lack of subject matter jurisdiction. *Id.*

On May 22, 2025, Plaintiff, acting pro se, filed *Brown III*, in Pike County Circuit Court against Defendants Jeremy Powers, Golden Eagle Distributing Co., Richard Riesenbeck, Anheuser-Busch, Co., Brendan Whitworth, Anheuser-Busch In-Bev and Micheal Doukeris. [ECF No. 1 at 15-16]; *see Brown v. Powers, et al.,* No. 25PI-AC00250-01 (45th Jud. Cir., 2025). Defendants Powers, Golden Eagle Distributing Co. and Riesenbeck were again represented by John Cooney of Watters, Wolf, Bub & Hansmann, LLC. The Circuit Court action was assigned to Judge James Beck. *Id.* Plaintiff claims that Judge Beck should have found Powers, Golden Eagle Distributing Co. and Riesenbeck "guilty" and required them to pay him 400 million dollars due to their prior violations of Federal Rules 60(b)(3) and 37(c)(2). Additionally, Plaintiff believes the remaining Defendants should have been found "guilty by association" and subject to pay for his damages under both Federal Rule 60(b)(3). *Id.* at 17. Defendants moved to dismiss Plaintiff's Complaint, and on September 19, 2025, the Court summarily dismissed the action, without prejudice. *Id.* at 16.

**Plaintiff's Claims in the Instant Lawsuit**

Plaintiff filed the instant action on January 21, 2026. [ECF No. 1]. He asserts a multitude of claims for relief in this action against the named Defendants. Plaintiff alleges that Defendant Powers acted negligently in violation of Missouri State law in purportedly causing the motor vehicle accident in June of 2021.  [ECF Nos. 1 at 2-3 and 5]. Additionally, Plaintiff accuses Defendant Powers of violating the Federal Motor Carrier Safety Improvement Act of 1999 (FMCSA) and several provisions of the Federal Motor Carrier Safety Regulations (FMCSR). *Id.* at 2-3, 5, 20-21. Plaintiff alleges that Defendant Powers did not have a valid commercial driver's license at the time of the accident. *Id.* at 2.

Plaintiff further asserts that Defendant Riesenbeck and Golden Eagle Distributing acted negligently in allowing "Plaintiff to operate a [commercial motor vehicle] unlicensed against company policy and State and/or federal law, on June 18, 2021, in which Defendant Power[s] caused an accident. . ." *Id.* at 5-6; *see also* ECF No. 1 at 20.

As to Defendants Anheuser Busch, LLC and Whitworth, Plaintiff contends they also negligently allowed "[commercial motor vehicle] operators such as Defendant Power[s] to distribute [Defendants'] products in a [commercial motor vehicle] without the proper. . . license to operate, against company policy and violating State and Federal law(s)." *Id.* at 6-7; *see also* ECF No. 1 at 20. Plaintiff claims that Defendants Anheuser-Busch In-Bev and Michael Doukeris "failed to oversee the proper operations of its subsidiary company and distributors. . . which led to the unqualified [commercial motor vehicle] driver Defendant Powers operating the [commercial motor vehicle] on June 18, 2021." *Id.* at 7-8; *see also* ECF No. 1 at 20.

As noted above, Plaintiff accuses Defendants The Chapel Law Group, LLC, Nimrod Chapel and Bruce Hopson, who represented him in *Brown I*, of engaging in the unauthorized

5

practice of law, perpetuating fraud on the court, false impersonation, breaking several Legal Model Rules of Professional Competence and engaging in unprofessional conduct. [ECF No. 1 at 13]. Plaintiff also lists several *criminal* codes and Missouri State statutes that these Defendants violated during the course of their representation.[7] *Id.* at 20.

Plaintiff next claims that Defendant John Cooney of Watters, Wolf, Bub & Hansmann, LLC, violated "11(b) of the Federal Rules of Civil Procedure by presenting" a "false" document to the Circuit Court during *Brown I* allegedly showing that Defendant Powers had a valid driver's license at the time of the accident. [ECF No. 14]. Plaintiff additionally complains that Defendant Cooney violated Federal Rule of Civil Procedure 37(c)(2) and 60(b)(3) "by attempting to persuade" Plaintiff that Powers was legally able to operate the tractor-trailer on the date of the accident. *Id.* He also seeks to hold Cooney and his law firm liable under the federal *criminal* code and Missouri state statutes.[8] *Id*. at 20.

---

[7] The Court notes that Plaintiff is unable to bring claims under the criminal code against these Defendants. "[T]he prosecution of criminal actions in federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys." *U.S. v. Panza*, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974).

[8] Plaintiff's claims against Defendants The Chapel Law Group, LLC, Nimrod Chapel, Bruce Hopson, John Cooney of Watters, Wolf, Bub & Hansmann, LLC are entirely conclusory. He provides no factual support for his allegations and cites to Federal Rules of Civil Procedure for purported violations of actions which occurred in Missouri Circuit Court cases. The Federal Rules do not apply to cases filed in Missouri State Court. Moreover, this Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm,* 621 F.3d 816, 817-18 (8th Cir. 2010). To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Last, Plaintiff claims generally that his rights under the Eighth and Fourteenth Amendments to the United States Constitution have been violated. *Id.* at 18. He seeks $400 million in damages. *Id.* at 9.

### Discussion

Plaintiff purports to assert claims under Missouri state law, the FMCSA, the FMCSR, the Code of Federal Regulations and the United States Constitution. For the reasons below, the Court finds that it lacks subject matter jurisdiction over this case. Plaintiff will be required to show cause within 30 days of the date of this Memorandum and Order why this action should not be subject to dismissal.

Subject-matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject-matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Thus, the issue of subject-matter jurisdiction may be raised at any time, by any party, or the Court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject-matter jurisdiction over both federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject-matter jurisdiction is lacking if neither diversity of citizenship nor federal-question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has instructed that district courts shall have jurisdiction in both federal-question and diversity cases). Plaintiff has established neither.

## I.       Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Plaintiff's Complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

### A. Plaintiff's Constitutional Claims Against Defendants Fail to Establish Federal Question Jurisdiction

Although a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331," *Convent Corp. v. City of North Little*

8

*Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015), only state actors can be held liable for constitutional violations under § 1983. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970). None of the Defendants in this action are state actors or are alleged to have participated in a joint activity with the State or its agents. *Id.* at 152. Additionally, Plaintiff has not presented any facts demonstrating the violation of a constitutional right, or that Defendants acted under color of state law.[9] As such, Plaintiff has not established a basis for federal question jurisdiction.

### B. Plaintiff's Claims Against Defendants Brought Pursuant to the FMCSA and the FMCSR Fail to Establish Federal Question Jurisdiction

Most courts reviewing personal injuries cases like this one have found that neither the FMCSA nor the FMCSR creates a private right of action. *See, e.g., Hoggard v. Arabi Cattle Co.*, No. 3:15-cv-00323-JM, 2017 WL 2532962, at *2 (E.D. Ark. June 9, 2017), *aff'd sub nom. Hoggard v. Page*, 721 F. App'x 561 (8th Cir. 2018) ("[T]he [FMCSR does] not independently create private rights of action or impose alternative duties on defendants."); *Harris v. U-Haul Int'l, Inc.*, No. CV 12-5040, 2012 WL 12919226, at *2 (W.D. Ark. Oct. 1, 2012) ("[T]he FMCSA regulations do not create a private right of action for personal injury damages."); *Bales v. Green*, No. 16-cv-106-GKF-JFJ, 2018 WL 1144980, at *2 (N.D. Okla. Mar. 2, 2018) (citing cases) (stating that a "clear majority of courts" have concluded that neither the Motor Carrier Act or its regulations create a private right of action for personal injury claims); *Dingess v. Sygma Network, Inc.*, No. 2:22-cv-00275, 2024 WL 3607170, at *3 (S.D.W. Va. July 31, 2024) ("The majority of courts considering this have found that the FMCSA and the FMCSR do not create a private right of action for personal

---

[9] The constitutional provisions cited by Plaintiff (the Eighth and Fourteenth Amendments) protect persons from governmental action, not the conduct of private businesses. *See Florey v. Air Line Pilots Ass'n, Int'l,* 575 F.2d 673, 676 (8th Cir. 1978) ("It is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to private actions."); *Junior Chamber of Com. of Kansas City, Mo. v. Missouri State Junior Chamber of Com.,* 508 F.2d 1031, 1033 (8th Cir. 1975) (agreeing with the Tenth Circuit that the Constitution only applies if the private conduct is "in essence" the action of the government). Therefore, Plaintiff has failed to demonstrate the existence of federal question jurisdiction.

9

injuries."); *Tassin v. BNK Transp. Inc.*, No. 3:19-cv-00064-JHM, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) ("As has been established in the Sixth Circuit, the FMCSR does not create a federal private right of action."); *see also See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR."). Thus, Plaintiff cannot hinge federal jurisdiction on claims brought pursuant to the FMCSA or the FMCSR.[10]

Even if Plaintiff is attempting to assert a negligence-per-se claim under Missouri law, he cannot utilize the FMCSR to preface federal question jurisdiction pursuant to such a claim. Under Missouri law, to establish a claim of negligence per se, Plaintiff must prove: (1) Defendants violated an applicable law or regulation; (2) Plaintiff was a member of the class of persons intended to be protected by the statute; (3) the injury was of the kind the statute was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury. *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002). The Court need not address the plausibility of Plaintiff's claim at this juncture. At issue here is whether this claim invokes a federal issue such that this Court may exercise federal question jurisdiction over this matter. The Court finds that it does not.

The apparent basis for Plaintiff's negligence-per-se claim is the FMCSR. As explained above, the FMCSR does not support a private right of action. Thus, subject-matter jurisdiction exists only if Plaintiff's right to relief "necessarily depends on resolution of a substantial question

---

[10] Furthermore, Plaintiff may not create a cause of action based on the Code of Federal Regulations or another regulatory statute if Congress has not provided a private right of action under that statute. *See Thomas v. United Steelworkers Local 1938,* 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). In this case, Plaintiff has not properly alleged that there is a private right of action under any of the regulations cited in his Complaint.

of federal law." *Great Lakes Gas Transmission Limited Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

This Court has previously held that a negligence-per-se claim based on violations of the FMCSR does not invoke a substantial question of federal law. *See G.R. ex rel. Joyce v. Union Pac. R. Co.*, No. 107-cv-171 LMB, 2009 WL 3248213, at *4 (E.D. Mo. Oct. 6, 2009) and *Revis v. Murphy's Logistics, LLC, et al.,* No. 4:24-cv-00918 SEP, 2024 WL 4542249, at *3 (E. D. Mo. Oct. 22, 2024). Other courts in the Eighth Circuit have reached the same conclusion. *See, e.g., Hicks, et al. v. New Millennium Bldg. Sys., LLC, et al.*, No. 24-cv-164 (ECT/ECW), 2024 WL 4234995, at *4 (D. Minn. Sept. 17, 2024).

## II.    Diversity Jurisdiction

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Section 1332 requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."[11] *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

---

[11] Under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business." 28 U.S.C. § 1332(c)(1); *see also Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). According to the Supreme Court, the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Normally, this should "be the place where the

11

Plaintiff has not identified the states of citizenship of either himself or any of the Defendants.[12] He merely states that he is a "resident" of the State of Missouri. As such, Plaintiff has failed to show a basis for this Court's jurisdiction under 28 U.S.C. § 1332.

### Order to Show Cause

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed his Complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction. Rather than dismissing it outright, the Court will direct Plaintiff to show cause, in writing within 30 days of the date of this Memorandum and Order, as to why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause within 30 days of the date of this Memorandum and Order why his Complaint should not be dismissed for lack of jurisdiction.

---

corporation maintains its headquarters," so long that the headquarters is "the nerve center, and not simply an office where the corporation holds is board meetings." *Id.* However, only corporations receive this treatment under § 1332, and the citizenship of non-incorporated entities, such as limited liability companies, depends on the citizenship *of each one of their members*. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004) (emphasis added).

[12] Allegations of residence are not equivalent to allegations of citizenship and do not satisfy the pleading requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014).

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order will result in a dismissal of this action without prejudice.

Dated this 22nd day of July, 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE